JS 44
(REV 3/99)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

B-00-133

**I(a) PLAINTIFF**
Metex Enterprises, Inc. and Tex-Steel Corporation

**DEFENDANTS**
Hartford Fire Insurance Company and Hartford Underwriters Insurance Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: CAMERON**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: HARTFORD
(EXCEPT U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

United States District Court
Southern District of Texas
FILED
SEP 01 2000
Michael N. Milby
Clerk of Court

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Thomas Sullivan, Esq.
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, TX 78520
(956) 544-7110

**ATTORNEYS (IF KNOWN)**
John H. Marks, Jr.
David G. Cabrales
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776
(214) 740-8000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ U.S. Government Defendant
- ☐ Federal Question (U.S. Government Not a Party)
- ☒ Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. Nature of Suit** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury--Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury-- Product Liability | ☐ 625 Drug Related Seizure of Property U.S.C 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 30 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademarks | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395 ff) | |
| | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 U S C 3410 |
| ☐ 160 Stockholders Suits | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contracts | **CIVIL RIGHTS** | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 441 Voting | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 442 Employment | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 444 Welfare | | ☐ 740 Railway Labor Act | ☐ 871 IRS—Third Party 26 U.S.C. 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 530 General | ☐ 790 Other Labor Litigation | | |
| ☐ 230 Rent Lease & Ejectment | | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | | ☐ 550 Civil Rights | | | |
| ☐ 290 As Other Real Property | | | | | |

**V. Origin** PLACE AN "X" IN ONE BOX ONLY

- ☐ 1 Original
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Removal is proper under 28 U.S.C. §§ 1332, 1441, 1446. Subject Matter Jurisdiction is founded under 28 U.S.C. § 1332 for diversity jurisdiction. Declaratory Judgment of duties under insurance policy.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P 23
DEMAND: Amount in controversy in excess of $75,000 exclusive of interest & costs
CHECK YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 8/31/2000

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

Receipt # _____ Amount _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

United States District Court
Southern District of Texas
FILED

SEP 01 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| METEX ENTERPRISES, INC., AND TEX-STEEL CORPORATION, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | CASE NO. B-00-133 |
| HARTFORD FIRE INSURANCE COMPANY, AND HARTFORD UNDERWRITERS INSURANCE COMPANY, | § § § § | |
| Defendants. | § § | |

**<u>DEFENDANTS HARTFORD FIRE INSURANCE COMPANY
AND HARTFORD UNDERWRITERS INSURANCE COMPANY'S
NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Hartford Fire Insurance Company and Hartford Underwriters Insurance Company (hereinafter collectively referred to as the "Hartford Defendants") file this notice of removal. As grounds for removal, the Hartford Defendants state the following:

1. The Hartford Defendants are defendants in the civil action pending in the 357th Judicial District Court of Texas, Cameron County, entitled *Tex-Steel, Inc. and Temex Enterprises, Inc. v. The Hartford Insurance*[1], Cause No. 2000-07-03110-E (the "State Court Lawsuit"). Pursuant to Rule LR81 of the Local Rules of the United States District Court for the Southern District of Texas, a list of all counsel of record is attached hereto as Exhibit 1. True and correct copies of all executed process, pleadings asserting causes of action and all answers to

---

[1]   Upon information and belief, "The Hartford Insurance" is a non-existent entity and was a misnomer on the part of the Plaintiffs. However, the Hartford Defendants are the insurers on the commercial general liability and workers' compensation insurance policies which may be at issue in the State Court Lawsuit.

<u>DEFENDANTS HARTFORD FIRE INSURANCE COMPANY AND
HARTFORD UNDERWRITERS INSURANCE COMPANY'S NOTICE OF REMOVAL</u> – PAGE 1

such pleadings, and orders signed by the judge in the State Court Lawsuit, along with a docket sheet and index of matters being filed, are collectively attached hereto as Exhibit 2.

2. Plaintiff's Original Petition was filed on July 31, 2000 and served upon the Hartford Defendants on August 7, 2000. Accordingly, The Hartford Defendants timely remove this action within 30 days after Plaintiffs' service upon them, pursuant to 28 U.S.C. § 1446(b).

3. The district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties, in that every proper defendant is now and was at the time the action was commenced, diverse in citizenship from every plaintiff. Because this action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this court has jurisdiction pursuant to 28 U.S.C. §1332.

4. Plaintiff Metex Enterprises, Inc. ("Metex")[2] is a Texas corporation with its principal place of business in Texas. Accordingly, Metex shall be deemed to be a citizen of Texas under 28 U.S.C. § 1332(c)(1). Metex was a Texas corporation with its principal place of business in Texas at the time this lawsuit was filed, at the time it was removed, and at all other times relevant hereto.

5. Plaintiff Tex-Steel Corporation ("Tex-Steel")[3] is a Texas corporation with its principal place of business in Texas. Accordingly, Tex-Steel shall be deemed to be a citizen of Texas under 28 U.S.C. § 1332(c)(1). Tex-Steel was a Texas corporation with its principal place of business in Texas at the time this lawsuit was filed, at the time it was removed, and at all other times relevant hereto.

---

[2] Metex Enterprises, Inc. was incorrectly named in Plaintiffs' Original Petition for Declaratory Judgment as "Temex Enterprises, Inc."

[3] On information and belief, Tex-Steel Corporation was incorrectly named in Plaintiffs' Original Petition for Declaratory Judgment as "Tex-Steel, Inc."

**DEFENDANTS HARTFORD FIRE INSURANCE COMPANY AND HARTFORD UNDERWRITERS INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 2**

6. Defendant Hartford Fire Insurance Company ("Hartford Fire") is a Connecticut corporation with its principal place of business in Connecticut. Accordingly, Hartford Fire shall be deemed to be a citizen of Connecticut pursuant to 28 U.S.C § 1332(c)(1). Hartford Fire was a Connecticut corporation with its principal place of business in Connecticut at the time this lawsuit was filed, at the time it was removed, and at all other times relevant hereto.

7. Defendant Hartford Underwriters Insurance Company ("Hartford Underwriters") is a Connecticut corporation with its principal place of business in Connecticut. Accordingly, Hartford Underwriters shall be deemed to be a citizen of Connecticut pursuant to 28 U.S.C § 1332(c)(1). Hartford Underwriters was a Connecticut corporation with its principal place of business in Connecticut at the time this lawsuit was filed, at the time it was removed, and at all other times relevant hereto.

8. The matter in controversy in the State Court Lawsuit exceeds $75,000.00, exclusive of interest and costs. In a declaratory judgment action, "amount in controversy" is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Adv. Comm.*, 432 U.S. 333, 339 (1977). In declaratory judgment actions regarding insurance policy coverage issues, the Fifth Circuit has held that, "the 'object of litigation' is the policy and the 'value of the right to be protected' is [the insurance company's] potential liability under that policy." *St. Paul Reins. Co., Ltd. v. Greenburg* 134 F. 3d 1250, 1253 (5th Cir. 1998). In this action, Plaintiffs seek a declaratory judgment that certain policies issued by the Hartford Defendants should provide a defense to Plaintiffs in that certain lawsuit styled *John George Robledo v. Tex-Steel Corporation*, Cause No. 97-10-6147-E, pending in the 357th District Court, Cameron County, Texas (the "Underlying Lawsuit"). Additionally, Plaintiffs seek a declaration that those same insurance policies issued by the Hartford Defendants should provide insurance

coverage for any damage award against Plaintiffs in the Underlying Lawsuit. In the Underlying Lawsuit, that plaintiff asserts causes of action against Tex-Steel for workers' compensation retaliation and intentional infliction of emotional distress. That plaintiff seeks to recover actual damages including lost earnings and past and future mental anguish, as well as exemplary damages, in addition to: 1) prejudgment interest, 2) attorney, expert, and litigation fees, and 3) costs of suit. Taking these facts into account, it is "facially apparent" from Plaintiff's Original Petition for Declaratory Judgment that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is the standard for a party invoking federal jurisdiction in this district. *Cf. Parnell v. State Farm Mut. Auto. Ins. Co.*, 173 F.R.D. 446, 447-48 (W.D. Ky. 1997); *Ornoff v. Allstate Ins. Co.*, 896 F.Supp. 173, 175-76 (M.D. Pa. 1995); see *De Aguilar v. Boeing Co.*, 11 F. 3d 55, 57 (5th Cir. 1993).

9.  Under 28 U.S.C. § 1441, removal is proper to this Court as the district and division embracing the place where the State Court Lawsuit is pending.

10.  The Hartford Defendants will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and will promptly file a copy of this Notice of Removal with the Clerk of the 357th Judicial District Court of Texas, Cameron County, where the action is currently pending.

WHEREFORE, Hartford Fire Insurance Company and Hartford Underwriters Insurance Company, the only proper defendants in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove the case styled "*Tex-Steel, Inc. and Temex Enterprises, Inc. v. The Hartford Insurance Company*," Cause No. 2000-07-03110-E, pending in the 357th Judicial District Court of the State of Texas, Cameron County,

to this United States District Court for the Southern District of Texas, Brownsville Division, on this 31st day of August, 2000.

Respectfully submitted,

By: _____
JOHN H. MARKS, JR.
"Attorney-in-Charge"
State Bar No. 12998000
Southern District Bar No. 12641
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 Telecopy

DAVID G. CABRALES
"Of Counsel"
State Bar No. 00787179
Southern District Bar No. 19576
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 Telecopy

ATTORNEYS FOR DEFENDANTS
HARTFORD FIRE INSURANCE
COMPANY AND HARTFORD
UNDERWRITERS INSURANCE
COMPANY

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been sent to counsel for Plaintiff via certified mail, return receipt requested this 31st day of August, 2000.

_____
DAVID G. CABRALES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| METEX ENTERPRISES, INC., AND TEX-STEEL CORPORATION, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CASE NO. _____ |
| HARTFORD FIRE INSURANCE COMPANY, AND HARTFORD UNDERWRITERS INSURANCE COMPANY, | § § § § | |
| Defendants. | § § | |

## PARTY AND ATTORNEY LIST

**PLAINTIFFS:**

METEX ENTERPIRSES, INC. AND
TEX-STEEL CORPORATION, INC.

**Attorney:**
Thomas Sullivan
State Bar No. 19491800
Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520
Telephone (956) 544-7110
Telecopy (956) 544-0607

**DEFENDANTS:**

HARTFORD FIRE INSURANCE
COMPANY, AND HARTFORD
UNDERWRITERS INSURANCE
COMPANY,

**Attorney:**
John H. Marks, Jr.
"Attorney-in-Charge"
State Bar No. 12998000
Southern District Bar No. 12641
David G. Cabrales
"Of Counsel"
State Bar No. 00787179
Southern District Bar No. 19576
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone (214) 740-8000
Telecopy (214) 740-8800

**PARTY AND ATTORNEY LIST** – Page Solo
041173:00182:DALLAS:791736.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| METEX ENTERPRISES, INC., AND | § | |
|---|---|---|
| TEX-STEEL CORPORATION, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| HARTFORD FIRE INSURANCE | § | |
| COMPANY, AND HARTFORD | § | |
| UNDERWRITERS INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF FILED DOCUMENTS

| TAB | ITEM |
|---|---|
| A | Docket Sheet in State Court Lawsuit |
| B | Plaintiffs' Original Petition for Declaratory Judgment |
| C | Return of Service |
| D | Defendant's Original Answer |

**INDEX OF FILED DOCUMENTS – PAGE 1**
041173:00211:DALLAS:791789.1

```
RUN DATE 08/30/00
RUN TIME 1:59 PM
```

```
TEX STEEL, INC AND TEMEX ENTERPRISES, INC.       * * *  C L E R K ' S  E N T R I E S  * * *

                                    VS                                                          (06)

                        THE HARTFORD INSURANCE                                        BREACH OF CONTR
```

```
00204508
THOMAS SULLIVAN
1205 N. EXPRESSWAY 83
BROWNSVILLE, TEXAS        78520 0000

00539101
JOHN H. MARKS
2200 ROSS AVENUE, SUITE 2200
DALLAS, TEXAS             75201 6776
```

```
07/31/00  ORIGINAL PETITI
07/31/00  CITATION (CM):
07/31/00     SERVED:  08/0
07/31/00  CITATION (CM):
07/31/00     SERVED:
08/28/00  ORIGINAL ANSWER
```

**CERTIFIED COPY**

CAUSE NO. 2000-07-3110-E

FILED 7:45 O'CLOCK P.M.
AURORA DE LA GARZA DIST. CLERK
JUL 31 2000

| | | |
|---|---|---|
| TEX-STEEL, INC. and TEMEX ENTERPRISES, INC. | § § § | IN THE DISTRICT COURT |
| VS. | § § | 357th JUDICIAL DISTRICT |
| THE HARTFORD INSURANCE | § | CAMERON COUNTY, TEXAS |

## ORIGINAL PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tex-Steel, Inc., a wholly owned subsidiary of Temex Enterprises, Inc., Plaintiffs herein, filing this Petition for Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, and would show the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

A. Plaintiffs, Tex-Steel, Inc., a wholly owned subsidiary of Temex Enterprises, Inc. (hereinafter "Tex-Steel, Inc.") brings this action individually. Plaintiffs are a corporation duly organized under the laws of the state of Texas. Plaintiffs' principal place of business is Cameron County, Texas.

B. Defendant, The Hartford Insurance is a foreign corporation, and service of process pursuant to article 2.09 of the Business Corporation Act may be effected upon said Defendant by serving the registered agent of the corporation, Jim Adams at 450 Gears Road, Suite 500, Houston, Texas 77067, its registered agent. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## III. JURISDICTION AND VENUE

**CERTIFIED COPY**

A. The subject matter in controversy is within the jurisdictional limits of this court.

B. This court has jurisdiction over Defendant The Hartford Insurance, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Hartford Insurance will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiffs would show that Defendant The Hartford Insurance had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant The Hartford Insurance to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant. Furthermore, Plaintiffs would show that Defendant The Hartford Insurance engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

C. This suit arises out of a contract for workers' compensation. The contract was executed in Cameron County, Texas and is performable in whole or in part in Cameron County, Texas. Further, the underlaying lawsuit is filed in Cameron County.

D. Venue in Cameron County is proper in this cause under Section 15.035(a) of the Texas Civil Practice and Remedies Code because this lawsuit involves a written contract that expressly names said county for performance.

**CERTIFIED COPY**

## IV. FACTS

Plaintiffs purchased workers' compensation and comprehensive general liability insurance from Defendant, The Hartford Insurance for the period of September 15, 1994 to October 23, 1995. During the period of the policy, an employee, John George Robledo made a claim on the workers' compensation policy. Thereafter, but not as a result of the claim, Tex-Steel, Inc., a wholly owned subsidiary of Temex Enterprises, Inc. found that Robledo had repeatedly violated company policies. After numerous warnings, Robledo was discharged. Thereafter, Robledo filed suit against Tex-Steel, Inc., a wholly owned subsidiary of Temex Enterprises, Inc. his former employee alleging, *inter alia*, retaliatory discharge. Robledo further asserted personal injuries, bodily pain and suffering and mental anguish.

Tex-Steel, Inc., a wholly owned subsidiary of Temex Enterprises, Inc. timely notified The Hartford Insurance of the suit. On November 18, 1997, The Hartford Insurance declined coverage asserting Robledo's suit was for retaliation only and therefore not covered by the policy. The Hartford Insurance overlooked Robledo's claims for personal injury, bodily pain and suffering and mental anguish, all of which are covered under the applicable policy.

## V. RELIEF REQUESTED

There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiffs therefore request that declaratory judgment be entered as follows:

A. Defense of the Robledo lawsuit.

B. Payment of any damages.

## VI. ATTORNEY'S FEES

Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made

**CERTIFIED COPY**

for all costs and reasonable and necessary attorney's fees incurred by Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that on final trial hereof declaratory judgment be granted as requested herein and Plaintiffs be awarded costs and reasonable and necessary attorney's fees, and for such other and further relief that may be awarded at law or equity.

Respectfully submitted,

Brin & Brin, P.C.
1205 North Expressway 83
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

By: 
Thomas Sullivan
State Bar No. 19491800
ATTORNEY FOR PLAINTIFF
TEX-STEEL, INC., TEMEX
ENTERPRISES, INC.

[SEAL: DISTRICT COURT, CAMERON COUNTY, TEXAS]

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY: _____ DEPUTY
ALLOTHER/HARTFORD: ORIG-PET
PAGE 4

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.004.01

No. 2000-07-003110-E

**ORIGINAL CERTIFIED COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JIM ADAMS
450 GEARS ROAD, SUITE 500
HOUSTON, TEXAS 77067

the    DEFENDANT   , GREETING:

You are commanded to appear by filing a written answer to the

ORIGINAL PETITION FOR DECLARATORY JUDGEMENT

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said    PETITION    was filed on   JULY 31, 2000  . A copy of same accompanies this citation.

The file number of said suit being No. 2000-07-003110-E.

The style of the case is:

TEX STEEL , INC AND TEMEX ENTERPRISES, INC.
VS.
THE HARTFORD INSURANCE

Said petition was filed in said court by    THOMAS SULLIVAN    (Attorney for    PLAINTIFF   ), whose address is 1205 N. EXPRESSWAY 83 BROWNSVILLE, TEXAS  78520.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of    JULY    , A.D. 2000.

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation. |
| Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court. |
| NAME OF PREPARER    TITLE |
| ADDRESS |
| CITY       STATE      ZIP |

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the <u>31st</u> of <u>JULY</u> <u>2000</u>, I mailed to <u>JIM ADAMS</u> by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. <u>22435137</u>
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>AURORA DE LA GARZA</u>, District Clerk
Cameron County, Texas

By <u>Daneila Ahumada</u>, Deputy

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY <u>Daneila Ahumada</u> DEPUTY

# U.S. Postal Service
# CERTIFIED MAIL RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

JIM ADAMS

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Name *(Please Print Clearly)* (To be completed by mailer)

Street, Apt. No.; or PO Box No.
450 GEARS ROAD, SUITE 500

City, State, ZIP+4
HOUSTON TEXAS 77067

7099 3220 0001 2243 5137

Postmark Here

PS Form 3800, July 1999 — See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   JIM ADAMS
   450 GEARS ROAD, SUITE 500
   HOUSTON TEXAS 77067

2. Article Number *(Copy from service label)*
   22435137

PS Form 3811, July 1999 — Domestic Return Receipt — 102595-99-M-1789

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*

B. Date of Delivery: 8/7/00

C. Signature
   X _____
   ☐ Agent
   ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

[Postmark: HOUSTON, GREENS NORTH STA, AUG 7 2000, USPO]

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

CAUSE NO. 2000-07-3110-E

| | | |
|---|---|---|
| TEX-STEEL, INC. and TEMEX ENTERPRISES, INC. | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 357TH JUDICIAL DISTRICT |
| THE HARTFORD INSURANCE | § § § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT HARTFORD INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant, The Hartford Insurance Company ("Hartford"), files its Original Answer to Plaintiff's Original Petition for Declaratory Judgment, as follows:

### I.

### General Denial

1.  Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Hartford denies each and every allegation and claim in Plaintiff's Original Petition and demands strict proof thereof.

2.  As this case develops, Hartford reserves the right to amend its Answer as permitted by the Texas Rules of Civil Procedure.

### II.

### Court Reporter

3.  Pursuant to Section 52.046 of the Texas Government Code, Hartford hereby requests that a court reporter attend all sessions of Court in conjunction with this case.

### III.

### Jury Demand

4.  Hartford demands a trial by jury and advises that it has paid its jury fee concurrent with the filing of its Original Answer.

DEFENDANT THE HARTFORD INSURANCE COMPANY'S ORIGINAL ANSWER - Page 1

IV.

## Prayer

Defendant The Hartford Insurance Company prays that upon final hearing or trial of this cause that the Court enter judgment in favor of Hartford and against Plaintiff's causes of action, and ordering such other and further relief, general or special, at law or in equity, to which Hartford may be justly entitled.

Respectfully submitted,

*David Cabrales*

JOHN H. MARKS, JR.
State Bar No. 12998000
DAVID G. CABRALES
State Bar No. 00787179
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Telecopy)

ATTORNEYS FOR DEFENDANT
THE HARTFORD INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served upon Plaintiff's counsel on this 25th day of August, 2000, by certified mail, return receipt requested.

*David Cabrales*
DAVID G. CABRALES

**DEFENDANT THE HARTFORD INSURANCE COMPANY'S ORIGINAL ANSWER** - Page 2
041173:00311:DALLAS:788658.1